GREADY vs. READY.

*Nonsuit.*

A judgment dismissing the complaint will not be reversed for errors in rejecting evidence offered by the plaintiff, where it appears that he had submitted the cause upon the proofs, and that if all the evidence offered by him had been admitted, it would not have shown *prima facie* a cause of action.

APPEAL from the Circuit Court for *Manitowoc* County.

Action to have the defendant adjudged to execute a release of a mortgage upon ten acres of land described in the complaint. The complaint avers that plaintiff purchased said land of one James E. Kiely, July 24, 1873; that at the time of such purchase, defendant, who then held the mortgage in question, agreed with plaintiff and Kiely that of the sum of $400, which was the consideration of such purchase, $300 should be paid to defendant on the mortgage, of which he would thereupon execute a release; that the $300 was then and there paid to defendant, and the remaining $100 of the purchase money to Kiely, who thereupon executed, with his wife, a deed of the land to plaintiff; but that defendant, though often requested, has refused and neglected to execute a release of his mortgage. Answer, a general denial.

On the trial, plaintiff, as a witness in his own behalf, testified that on or about the 24th of July, 1873, he had a talk or attempted negotiation with James E. Kiely for the purchase of a piece of land. The witness was then asked by his own counsel, what land it was; but, an objection being taken and sustained " that the deed was the best evidence," he offered in

evidence what purported to be a warranty deed to him from James E. Kiely and wife, dated July 24, 1873, of the tract of land described in the complaint. At the foot of said deed was an acknowledgment signed "James E. Kiely, Justice of the Peace." Defendant objected to the introduction of this deed in evidence, on the ground that it appeared from the face thereof that the acknowledgment was certified by the grantor himself. Plaintiff's counsel having remarked that the defense must "prove that it was the same man," it appears that one James Kiely, an uncle of James E. Kiely, and one of the witnesses to the deed, was immediately called as a witness by the defendant, and testified that the James E. Kiely who signed the acknowledgment as justice of the peace was the same person as the grantor in said deed, and that he was in fact a justice at that time. The objection to the introduction of the deed was sustained. Plaintiff then offered to prove by the subscribing witness and the persons who executed it, that the deed was duly executed; but the evidence was rejected. Thereupon plaintiff does not appear from the record to have made any further offer of evidence; and the court rendered judgment dismissing the complaint. From this judgment the plaintiff appealed.

For the appellant, the cause was submitted on briefs of *White & Forrest*, who argued, among other things, as follows: The case does not show that the plaintiff rested, or that he refused or neglected to offer further proof. After the last ruling as to evidence, the court stated, and the counsel for plaintiff supposed, that it was useless to offer proof of the other allegations of the complaint, since, if plaintiff proved these, he could not, under the ruling of the court, obtain the relief sought. It is the plaintiff's duty to go on with the proof of his case until, in his own opinion, fatal injustice has been done him therein by the court: but when such injustice has been done, it is his duty to himself and to his opponent to stop there, and test the ruling in this court. If the ruling is

affirmed, the case is ended with the least possible expense and trouble. If it is reversed, the parties are restored to a right footing in court with the least possible inconvenience and loss, and without the delays, accidents and embarrassments which the opposite practice would entail. *Hammer v. Hammer*, 39 Wis., 182; *Noonan v. Ilsley*, 22 id., 27; *Smith v. Russ*, id., 439; *Shaddock v. Clifton*, id., 114; *Dreher v. Fitchburg*, id., 675; *Gillett v. Phelps*, 5 id., 429, and cases cited in Dixon's notes; *Wardell v. Hughes*, 3 Wend., 418; *Ellis v. Short*, 21 Pick., 142. The presumption is, unless the respondent makes the contrary appear, that error in rejecting competent and material evidence may have prejudiced the plaintiff. *People v. Martin*, 47 Cal., 112; *Wilson v. Wilson*, 4 Abb. (N. Y.), 621; *Thompson v. Wilson*, 34 Ind., 94; *Abraham v. Nunn*, 42 Ala., 51; *Alabama & Fla. R. R. Co. v. Watson*, id., 74.

Counsel also argued at length other questions, not here considered.

For the respondent, a brief was filed by *J. D. Markham*, with *Taylor & Sutherland* of counsel, and the cause was argued orally by *David Taylor*.

Cole, J. The record in this case recites that the cause came on for trial, and that, the plaintiff having submitted his proofs in the action, it appeared to the circuit court that the plaintiff had failed to prove a cause of action, and the complaint was dismissed on motion of the attorney for the defendant. This recital certainly shows that the plaintiff rested his cause upon the evidence introduced and offers of testimony made. The errors relied on for a reversal of the judgment are, the rulings of the court excluding, as it is claimed, material testimony offered to prove the allegations of the complaint. The bill of exceptions purports to contain all the testimony, and it is quite evident, if all the evidence offered had been received, that the plaintiff would not have made out

Gready vs. Ready.

a *prima facie* case. Under these circumstances the question is, Do not the errors complained of become immaterial, or fail to furnish an adequate reason for reversing the judgment? The question, we think, must be answered in the affirmative.

When it is perfectly apparent from the record that the judgment must have been the same if all the testimony erroneously rejected had been received, there is nothing unreasonable in saying that the error in excluding the evidence offered should be disregarded, as it could not have prejudiced the plaintiff. This is the view insisted upon by counsel for the defendant, and it seems to us correct. The mistake which the plaintiff made was in neglecting to prove, or omitting to offer sufficient evidence to show *prima facie*, a right to relief, before resting his cause. If he had sufficient evidence to sustain the allegations of the complaint, it was his duty to have offered it on the trial. The practice would be intolerable, to allow a plaintiff, upon the rejection of testimony offered to prove only one fact essential to his right of recovery — no other evidence being given or offered,— to rest his cause, and then appeal the case to this court to settle the question whether or not the court below was right in excluding the particular evidence offered. Now it may be conceded that the evidence excluded in this case should have been admitted; but still, it being clear that if it had been admitted the plaintiff would have had no case, how is he injured by the ruling? How can it be said that the rejection of the evidence proposed was prejudicial to him, when it is clear from the record that if the evidence had been admitted, the judgment must have been the same? If admitted, it would have been of no advantage to the plaintiff unless followed up by other testimony, which he did not give or propose to give. Had he submitted proofs which, together with the evidence offered, made a *prima facie* case, the question would be different. As it is, we cannot see how he could have been prejudiced by the rejection of the testimony.

*By the Court.* — The judgment of the circuit court is affirmed.