## JAMES vs. VAN DUYN.

CHATTEL MORTGAGE.  *(1, 2) Replevin by mortgagee against officer: What defendant must show in justification.  (4) Burden of proof as to fraud in mortgage: statute construed.*

REVERSAL.  *(3) When judgment not reversed for improper exclusion of evidence.*

1. In replevin by mortgagee against an officer who justifies under process against the property of the mortgagor, the question whether the mortgage is fraudulent and void as to creditors, is immaterial until defendant has shown that he represents creditors.

2. Where, therefore, defendant in such a case justifies under a writ of *attachment* against the mortgagor's property, he must not merely prove his writ, but show that the attachment plaintiff was in fact a creditor of the mortgagor.

3. Errors in rejecting evidence, or in giving instructions, will not reverse the judgment, where it appears that if all the evidence *offered* by appellant had been received, the judgment must have been the same.  So *held* where, in replevin by mortgagee, defendant offered in evidence the attachment against the mortgagor's goods, under which he justified, but made no other offer to show that the attachment plaintiff was a creditor of the mortgagor, and the writ was rejected.

4. Under sec. 1, ch. 458 of 1864 (R. S., sec. 2319), when the mortgagee of goods has proven that the mortgage was given to secure an actual indebtedness, and the amount of such indebtedness, he has established *prima facie* the good faith of the mortgage (unless something appears on its face showing it to be fraudulent); and the burden is then on the defendant officer to show that the persons for whom he acted were creditors, and that the mortgage was fraudulent and void as to creditors.

APPEAL from the Circuit Court for *Iowa* County.

Replevin, to recover the possession of certain goods and chattels which the plaintiff claimed under five chattel mortgages executed to him, four by Joseph H. Cartwright, and one by Joseph H. Cartwright and Charles H. James.  The defendant justified the taking of said goods, as a constable, under and by virtue of three writs of attachment issued by a justice of the peace against the goods and chattels of said Joseph H. Cartwright and Charles H. James.  All the mortgages contained a clause which gave the mortgagee the right

to take possession of the property whenever he should deem himself or the mortgage debt insecure.

The character of the evidence will sufficiently appear from the opinion. The court refused to give an instruction asked by the defendant, to the effect that if, after the execution and delivery of the mortgages, plaintiff knowingly permitted the mortgagors to go on and sell the mortgaged goods, and use the proceeds to support their families, or in purchasing other goods to replace those sold, or in the payment of other debts than that secured by the mortgage, this was equivalent in law to an express agreement to that effect, and the mortgages were fraudulent and void as against creditors of the mortgagors.

The court ꞏgave the following among other instructions: "If you find that there was no agreement between the plaintiff and Cartwright & James that the latter should remain in possession of this property, and go on and sell it, taking out of the proceeds enough to live on, pay their running expenses and buy their goods, then you must find for the plaintiff, unless you find that the mortgage was executed to him by Cartwright & James for the purpose of covering up the property to the injury of their creditors. But if you find that there was an agreement of that kind between the parties—not an implied but an express agreement,— then the mortgage was fraudulent and void as to the creditors. . . . If you find that there was no such understanding or agreement between mortgagors and mortgagee, and that plaintiff loaned the money and took the mortgage in the faith that it would be paid as soon as the parties could realize upon the proceeds of their sales, then it would not be fraudulent. But you must find first that there was no understanding . . . that they were to do anything but pay their debt to the mortgagee as fast as they could. In that case, if you find that it was a *bona fide* indebtedness, and that there was no arrangement as to how the debt was to be paid, and no contract to enable them to defraud the creditors in any manner, then the plaintiff is entitled to recover." "If it was understood between plaintiff and Cartwright & James that this mortgage was to be an ap-

parent lien upon the property, and that the mortgagors were to go on and dispose of the property and use the proceeds for their support and to pay their debts and to carry on the business, precisely as though there was no mortgage upon it, this would be fraudulent as to the creditors, and plaintiff could not recover. But if the party loaning the money intended it to be a *bona fide* loan, and if you find that there was no intent to defraud the creditors, and that he expected the return of the money as soon as the parties were able to pay it in the ordinary course of their business, then you will find for the plaintiff."

The jury found for the plaintiff, and that his mortgage was a lien at the commencement of the action for the sum of $1050, besides interest, etc.; a new trial was denied; and, from a judgment pursuant to the verdict, the defendant appealed.

For the appellant, there was a brief by *Carter & Reese*, and oral argument by *Richard Carter*. In support of the instruction asked by defendant and refused, they cited Herman on Chat. Mort., 234 et seq.; *Gardner v. McEwen*, 19 N. Y., 125–6; *Griswold v. Sheldon*, 4 id., 588; *Russell v. Winne*, 37 id., 591–2, 599; *Divver v. McLaughlin*, 2 Wend., 596; *Putnam v. Osgood*, 52 N. H., 148; *Coolidge v. Melvin*, 42 id., 510; *In re Kahley*, 2 Biss., 383; *Catlin v. Currier*, 1 Sawyer, 7; *Robinson v. Elliott*, 22 Wall., 513; *Barnet v. Fergus*, 51 Ill., 352; *Simmons v. Jenkins, Adm'r*, 76 id., 479; *Horton v. Williams*, 21 Minn., 192; 2 Southern Law Rev., N. S., 731. This rule follows from *Place v. Langworthy*, 13 Wis., 631, 633. See *Wood v. Lowry*, 17 Wend., 492, and *Edgell v. Hart*, 9 N. Y., 219. 2. Defendant having taken the goods on his writs of attachment, and having alleged that the mortgage of the attachment defendants to the plaintiff was fraudulent and void as to creditors, the burden of proof as to the good faith of the mortgage was on the plaintiff. Sec. 1, ch. 458, Laws of 1864; Tay. Stats., 1612, § 135; Thomas on Mort., 483. And as the writs constituted the defense, their rejection, when offered in evidence by the defendant, was error.

For the respondent, there was a brief by *Lanyon & Spensley*, and oral argument by *Mr. Spensley*. They contended,

among other things, 1. That the only material part of the instructions asked by the defendant was fully covered by the charge of the court as shown in the bill of exceptions. 2. That, as the bill of exceptions did not purport to contain all the instructions given, it must be assumed that all proper instructions applicable to the evidence were given. 3. That there was abundant evidence to support a finding that there was no agreement contemporaneous with the mortgage which would render it void as to creditors under the decisions of *Steinart v. Deuster*, 23 Wis., 138, and *Blakeslee v. Rossman*, 43 id., 116, and no subsequent conduct in reference to the mortgaged property which constituted fraud in fact. 4. That defendant was not injured by the refusal to receive the attachments in evidence.

TAYLOR, J. The appellant contends that the mortgages are fraudulent and void as against the creditors of the mortgagors. Had the defendant, by his evidence upon the trial in the court below, placed himself in an attitude to avail himself of such defenses, there would, in my opinion, be great doubt whether all the instructions given by the learned circuit judge to the jury on the trial of the action could be sustained; but as we are satisfied that the defendant neither gave nor offered to give evidence, on the trial of the action, showing that he was acting in behalf of, or representing, a creditor of the mortgagors, it becomes unnecessary to pass upon or discuss the questions which might arise upon the exceptions to the charge of the circuit judge. The evidence given on the part of the plaintiff was quite sufficient to show that, as between himself and the mortgagors, the title to and right of possession of the property described in his complaint was in him, at the time of the commencement of this action; and until the defendant showed that he was acting in behalf of a creditor in seizing the property upon the attachment, under which he justified the taking, it was entirely immaterial that the mortgages might be fraudulent and void as to such creditors. This court has settled this point in *Bogert v. Phelps*, 14 Wis., 88–93. The late learned

Chief Justice Dixon, in the opinion in that case, says: "In case of an action by the party against whom the process issued, the process itself, being valid on its face, constitutes a complete justification. In case of suit by another claiming title to the property seized under such party, which title is contested on the ground of fraud, he must, in addition to showing that he acted under such process, show that he acted for a creditor. When he acts under process of execution, this is done by producing the judgment on which it issued. If it be mesne process, then the debt must be proved by other competent evidence. This proof, however, is required, not because it affects the process, or is in that respect necessary to protect the officer, but because it affects the title to the property in question. No one but a creditor can question the title of the fraudulent vendee, and hence he must show that the relation of debtor and creditor exists between the party against whom the attachment or execution ran, and the person in whose behalf it was issued. It is a necessary link in the chain of evidence by which the fraud is to be established." See also *Remington v. Bailey*, 13 Wis., 332.

The only evidence the defendant offered upon the trial was, that he as constable seized the goods by virtue of certain attachments issued by a justice of the peace against the mortgagors, Cartwright and James; and he then offered the attachments themselves in evidence, which, upon objection by the plaintiff, were excluded. Upon the decision of the court excluding the attachments, the defendant, without making any further offer of proof, rested his defense, and the case was submitted to the jury. In this condition of the defendant's evidence, he cannot be in a better position than he would have been had the attachments been received in evidence. In this action it was not a sufficient defense for the officer having the attachments to show a seizure of the property by virtue thereof, and that the same were regular upon their face. Had the action been brought by the mortgagors, such evidence would have constituted a perfect defense to the officer executing the attachments; but when the action is brought by one claiming

title from the mortgagors, and the plaintiffs have shown a sale or transfer by the mortgagors to the plaintiffs, good as between them, then the defendant officer can only defend the action by showing the sale or transfer fraudulent and void as to the creditors of the mortgagors; and, in order to entitle him to do that, he must, as the very foundation of his defense, show that he is acting for such creditors.

The defendant was not justified in resting the case, and submitting it to the jury for their determination, without first offering to prove the facts necessary to constitute his defense, because the court may have erroneously rejected an offer to prove a part of such defense, especially when such offer of proof was made out of its regular order. If all the proof offered by a party, either plaintiff or defendant, though erroneously rejected by the court, would not, had the same been received, prove the plaintiff's cause of action or the defendant's defense, and the party offering such rejected evidence thereupon rests his case or defense, a verdict and judgment against him will not be reversed, on appeal to this court, on the ground that such offered evidence was competent evidence in the case. This question has been considered in this court in the case of *Gready v. Ready*, 40 Wis., 478. Justice COLE, who delivered the opinion in that case, says: "When it is perfectly apparent from the record that the judgment must have been the same if all the testimony erroneously rejected had been received, there is nothing unreasonable in saying that the error in excluding the evidence offered should be disregarded, as it could not have prejudiced the plaintiff. . . . The mistake which the plaintiff made was in neglecting to prove, or omitting to offer sufficient evidence to show *prima facie*, a right to relief, before resting his case. If he had sufficient evidence to sustain the allegations of his complaint, it was his duty to offer it on the trial. The practice would be intolerable, to allow a plaintiff, upon the rejection of testimony offered to prove only one fact essential to his right of recovery, no other evidence being given or offered, to rest his cause and then appeal the case to this court to settle the question

whether or not the court below was right in excluding the particular evidence offered." We have no doubt that the general rule laid down in the case quoted is entirely correct, and should be adhered to. We see nothing in this case to take it out of the rule there laid down. The evidence of the attachments which was offered and rejected, was offered out of the regular order, and was entirely incompetent and immaterial unless the defendant established the other fact which should have been established first, viz., that the attachments were issued in favor of persons who were creditors of the mortgagors.

The defendant having failed to show that he was acting on behalf of a creditor of the mortgagors, and there being ample evidence showing that, as between the mortgagors and the plaintiff, the right of possession and title was in the plaintiff, the charge of the circuit judge was sufficiently favorable to the defendant.

The counsel for the defendant also urges that, by his answer and the evidence offered, he brought himself within the provisions of sec. 1, ch. 458, Laws of 1864 (Tay. Stats., p. 1460, § 13; R. S. 1878, sec. 2319), and that the burden of proof was therefore upon the plaintiff, and required him to show affirmatively that the mortgages were given to secure an actual indebtedness, and the amount thereof, and that the transaction was in good faith. If the defendant, by his answer and evidence, was entitled to the benefit of the provisions of the law above quoted (which we do not desire to be understood as admitting), we think he has nothing to complain of. There was evidence sufficient to sustain the verdict of the jury, that the mortgages were given to secure a real indebtedness, and of the amount thereof, and that the transaction was in good faith. We do not think the statute was intended to put upon the plaintiff the burden of proof throughout the whole case, and compel him to prove affirmatively that his mortgage was not in fact fraudulent and void as to creditors. When the mortgagee has proved that the mortgage was given to secure an actual indebtedness, and the amount thereof, he has in fact

established *prima facie* that it was given in good faith, unless there be something on the face of the mortgage which shows it to be fraudulent. Such appears to have been the construction given to this law in *Sargeant v. Solberg*, 22 Wis., 132. If it be claimed by the officer that, notwithstanding the mortgage was given to secure the payment of a real indebtedness from the mortgagor to the mortgagee, it is still fraudulent and void as to creditors, he must take the burden of establishing such fact; and one of the necessary elements of such proof would be evidence showing that he was acting on behalf of such creditors.

Upon the examination of the whole record, we are of the opinion that there are no errors affecting the appellant's rights.

*By the Court.* — The judgment of the circuit court is affirmed.