## L. MARRINAN & BRO. v. HANNA F. KNIGHT.

(Filed July 30, 1898.)

1. REPLEVIN—*Attachment—Fraudulent Transfer.* In replevin by ¹ A. against an officer who justifies under a writ of attachment against t:.e property of B., on the grounds of a fraudu'ent transfer of the property by B. to ¹A. to defeat the creditors of B., it is a material element of such defense that the relation of debtor and creditor exists between the attachment plaintiffs ·and B., and the question as to whether such transfer was fraudulent is immaterial until the officer has shown that he represents creditors.

2. REPLEVIN—*Evidence—Error.* Where A. brought suit in replevin to recover chattels seized on a writ of attachment against the property of B., and the defendants in the replevin action attempted to justify under the writ on the ground that B. had transferred the property to A. to defraud his creditors, it is error to exclude evidence tending to show that A. was without any means of her own, prior to such transfer, and that she exchanged real estate which had been given her by B. for the property involved in the replevin action, and that B. was insolvent at the time of such transfer and gift.

3. ERROR—*Will Not Reverse Judgment, When.* Errors in rejecting evidence will not reverse a judgment, where it appears that, if all the evidence offered by the appellant had been received, the judgment must have been the same.

4. REPLEVIN—*Possession—Judgment.* In replevin, where the finding is for plaintiff, and it appears that the plaintiff was in possession of the property described in the petition ·at the time of trial, it is not proper to render judgment for the return of the property, or, in case return cannot be had, for its value.

5. VERDICT—*Decision on Appeal.* Where the verdict of the jury is proper, and the judgment is irregular, this court will modify the judgment to conform to the verdict, and affirm the case.

(Syllabus by the Court.)

*Error from the Probate Court of Pottawatomie County; before W. A. Ruggles, Probate Judge.*

*B. F. Burwell* and *Pendleton & Madden,* for plaintiffs in error.

*Cutlip & Blakeney,* for defendant in error.

Replevin by Hannah F. Knight against L. Marrinan & Bro. From a judgment for plaintiff, defendants appeal. Modified.

Opinion of the court by

BURFORD, C. J.: The plaintiffs in error, L. Marrinan & Bro., brought an action in the district court of Pottawatomie county against Homer Knight to recover a judgment on a promissory note for the sum of $452.43. At the same time they procured a writ of attachment to issue against the goods and chattels of Knight, and placed the same in the hands of William B. Trousdale, sheriff, for service. The writ was executed by levying on two mules, a set of harness, and a wagon. Hannah F. Knight, wife of the attachment defendant, brought suit in replevin against Trousdale, in the probate court of Pottawatomie county, and under the writ of replevin obtained possession of the attached property. She alleged ownership and right of possession. Marrinan & Bro., the plaintiffs in the attachment suit, obtained leave to be substituted for the sheriff as defendants in the replevin suit. They then filed an answer in which they alleged that Trousdale was, at the time of taking the said chattels, the duly-elected, qualified, and acting sheriff of Pottawatomie county; that as such sheriff he seized said property under and by virtue of a writ of attachment issued out of the district court of said county, at the instance of the defendants, Marrinan & Bro., in a cause in said court wherein Marrinan & Bro. were plaintiffs, and H. E. Knight defendant; that said cause was for an indebtedness claimed by the plaintiffs, Marrinan & Bro., against Knight, for the sum of $452.43, on a promissory note dated February 27, 1895, and which was then in good faith due them from said Knight. They further alleged that the mules and harness

mentioned in the petition of plaintiff, Hannah Knight, were the proceeds of certain real estate situate in the town of Earlsboro, Oklahoma Territory, which said real estate was deeded to said plaintiff by one Max Wagoner, at the instance and request of the said H. E. Knight, who is the husband of the plaintiff, Hannah Knight. They further averred in said answer that the consideration for said real estate was paid by Homer Knight, out of his own sole and separate means; that he was then insolvent, and procured the conveyance to be made to his wife, for the purpose of defrauding the defendants, Marrinan & Bro.; that said conveyance was so made for the purpose of delaying, defrauding, and hindering the creditors of Homer Knight, and that Hannah Knight took said legal title to hold the same in trust for her husband, Homer Knight; and they ask for judgment in their favor in the replevin suit, and that said property be declared liable on their attachment proceedings.

The purpose of this answer was to set up a fraudulent transfer of these chattels from Homer Knight to his wife, Hannah Knight, and to defeat her right to recover same in her action of replevin. No general denial was filed in the replevin cause, nor was it denied that she was in possession of the property at the time it was levied on. Hannah Knight was a stranger to the attachment proceedings, and Homer Knight was not a party to the replevin action. It was not alleged in the answer to the petition in replevin that Homer Knight was the owner of these chattels at the time of the levy of the writ of attachment, nor was it alleged that said property was subject to execution or attachment. The plaintiff filed a general denial to the special plea, and the cause went to trial before a jury. A verdict was returned for the plain-

tiff, and judgment rendered on the verdict against the defendants, Marrinan & Bro. They bring this appeal, and complain of the rulings of the trial court in rejecting certain evidence offered by them which tended to show that the real estate which Hannah Knight traded for the chattels in dispute was purchased by her husband with his own means, and that she had no means whatever in her own right except such as her husband transferred to her at a time when he was insolvent. No objection was made in the court below to the sufficiency of the answer. But now, in answer to the contention of plaintiffs in error that the court erred in excluding the testimony offered by them, counsel for defendant in error contend that the answer did not allege sufficient facts to constitute a defense to their cause of action.

It is undoubtedly correct that, if a demurrer had been directed against the special plea in the court below, it should have been sustained, but many errors in pleadings are cured by verdict; and as no objection was made in the court below to this answer, and no objection having been made to the introduction of testimony on the ground of its insufficiency, we think we should not treat the defects as having been waived by the parties and the errors cured.

On the trial of the cause the plaintiff went upon the witness stand in her own behalf, and testified that she was the owner of the property in controversy, and that it was in her possession at the time it was levied upon; that it was all of the value of $125. She was then, on cross-examination, asked where she obtained the mules, harness, and wagon, and testified that she traded a lot in Earlsboro, Oklahoma Territory, for said chattels. She was then asked a number of questions, each proper in

form, at to where she obtained the purchase money she paid for the Earlsboro lot; what means of her own she had; if her husband did not pay for the lot with his own means, and have it deeded to her; if he was not insolvent at the time; if he did not owe Marrinan & Bro. at the time; and if it was not intended to keep his creditors from reaching the property. To all these questions objection was made upon the ground that it was an attempt to put the title to real estate in question, and the court sustained the objections, to which defendants excepted.

After the plaintiff rested her case, the defendants put Mrs. Knight on the stand as their own witness, and asked her a number of questions, in answer to which she tes ifi d that she bought the property in dispute in July, 1896, from one Howry; that she traded a lot and butcher shop for them; that she gave the deed for the mules, wagon and harness. She was then asked the following questions, each of which was objected to, objection sustained, and exception saved:

"Where did you get the property you traded for the mules, harness, and wagon?

"Is it not true that your husband gave you money or gave you the property with which to purchase the real estate which you traded for this wagon, harness, and mules?

"Is it not true that at the time you purchased this real estate, which you traded for the mules, harness, and wagon, you did not own any property of your own at all, but that you purchased it with the property or money that was given you by your husband, Mr. Knight?

"Mrs. Knight, how much are you worth?

"Who did you purchase this lot from?

"Mrs. Knight, did you have any other property at the time you purchased this wagon, harness, and mules, except the property you traded for it?

"Is it not true that at the time you acquired title to the real estate which you traded for these mules, wagon, and harness, that your husband was greatly involved, and in a failing condition, and wholly unable to meet his obligations?

"Did you purchase this real estate which you say you traded for the property involved in this suit with money or with other property?

"How much did you pay for that house and lot?

'Did you purchase this real estate in person or through an agent?"

No objection was made to the form of any of these questions, and the evidence attempted to be elicited was clearly relevant to the issues in the case, and should have been admitted. The defendants had alleged that the transfer of the real estate to Mrs. Knight had been procured by her husband to prevent it from becoming liable for his debts, and the rejected testimony was all competent to support the issue made on these allegations, and the court erred in excluding it. It seems that this proposition is so apparent that it needs no elucidation or authorities to support it.

But is this such an error as will result in reversing the judgment? The defendants offered no evidence to show that there was any indebtedness from Homer Knight to them at the time of bringing their attachment proceedings, or at the time of levying their writ of attachment; nor did they offer to prove that the property levied on was the property of Homer Knight. They made no attempt to show that they were creditors of Knight, or that he had no other property subject to execution or attachment. If all the rejected evidence had been admitted, would it have entitled them to a judgment?

The evidence given on the part of the plaintiff was quite

sufficient to show that, as between her and the attachment plaintiffs, the title to and right of possession of the property described in her petition was in her at the time of the commencement of the replevin action; and until the defendants in the replevin action showed that they seized the property on attachment as creditors of Homer Knight, under which writ they attempted to justify the taking, it was entirely immaterial that the transfer to Mrs. Knight might have been fraudulent and void as to creditors. (*James v. Van Duyn*, 45 Wis. 512; *Bogert v. Phelps*, 14 Wis. 95.)

The transfer was good as between Knight and his wife, and if made, as alleged, for the purpose of defeating or defrauding the creditors of Homer Knight, then such creditors only were entitled to have the transfer set aside and held for naught. Marrinan & Bro. should have alleged and proved that they were creditors of Knight before they would be entitled to a judgment as against Mrs. Knight in the replevin action. Without such proof, they were not entitled to judgment, even though all their rejected testimony had been admitted.

In the case of *Bogart v. Phelps*, 14 Wis. 95, Mr. Chief Justice Dixon, speaking for the court, said: "In case of an action by the party against whom the process issued, the process itself, being valid on its face, constitutes a complete justification. In case of suit by another, claiming title to the property seized under such party, which title is contested on the grounds of fraud, he must, in addition to showing that he acted under such process, show that he acted for a creditor. When he acts under process of execution, this is done by producing the judgment on which it issued. If it be mesne process, then the debt must be proved by other competent evidence. This

proof, however, is required, not because it affects the process, or is in that respect necessary to protect the officer, but because it affects the title to the property in question. No one but a creditor can question the title of the fraudulent vendee, and hence he must show that the relation of debtor and creditor exists between the party against whom the attachment or execution ran and the person in whose behalf it was issued. It is a necesary link in the chain of evidence by which fraud is established." The learned chief justice has plainly and tersely stated the law as applicable to the two classes of cases wherein an officer may justify the seizure of property on execution or attachment, and the law, as stated, is well supported by authority. (*Remington v. Bailey*, 13 Wis. 332; *Olds v. Andrews*, 66 Ind. 147; *Jones v. McQueen*, [Utah] 45 Pac. 202; Cobbey, Repl. Secs. 1009, 1010.)

The only evidence the defendants offered upon the trial was that the plaintiff was the wife of Homer Knight, the defendant in the attachment proceedings; that she traded the lot and butcher shop in Earlsboro for the mules, wagon, and harness; and that the property was seized by the sheriff on a writ of attachment issued in the case of Marrinan & Bro. against Homer Knight, in a suit on a promissory note, and that all the proceedings in that action were regular and legal. They then offered to show by Mrs. Knight the facts constituting the alleged fraudulent transfer of the real estate to her by her husband, and his insolvency, which, upon objection of the plaintiff, was excluded.

In this condition of defendant's evidence, they can be placed in no better position than they would have been had their offered testimony been received. In this action it was not a sufficient defense for them to show an

attachment writ, legal and regular, and that the transfer of the property by Homer Knight to his wife was for the purpose of defrauding his creditors. The very foundation fact, which they were required to show to entitle them to recover on the grounds of a fraudulent transfer, was that they were creditors of the fraudulent transferror. The defendants were not justified in resting the case, and submitting it to the jury for their determination, without first offering to prove every material fact necessary to constitute their defense, because the court may have erroneously rejected an offer to prove a part of such defense, especially when such offer of proof was made out of its order. "If all the proof offered by a party, either plaintiff or defendant, though erroneously rejected by the court, would not, had the same been received, prove the plaintiff's cause of action, or the defendant's defense, and the party offering such rejected evidence thereupon rests his case or defense, a verdict and judgment against him will not be reversed, on appeal to this court, on the ground that such offered evidence was competent evidence in the case." (*James v. Van Duyn*, 45 Wis. 512.)

"When it is perfectly apparent from the record that the judgment must have been the same if all the testimony, erroneously rejected, had been received, there is nothing unreasonable in saying that the error in excluding the evidence offered should be disregarded, as it could not have prejudiced the plaintiff." (*Gready v. Ready*, 40 Wis. 478.)

On the trial of the cause all the papers and files in the attachment proceedings were introduced in evidence by the defendants, and it was admitted that the writ was valid, and that all the proceedings in that cause were regular and valid. These papers and files could only be introduced for the purpose of proving that all necessary

steps had been taken in that case to give validity to the writ of attachment, under which defendants justified, and by virtue of which the property was seized. But the introduction of such papers and files in evidence did not establish the truth of the averments contained in the petition or affidavit for attachment, and did not relieve the defendants of the necessity of proving, as against the claim of title by Mrs. Knight, that there was an indebtedness existing from Homer Knight to Marrinan & Bro., in order to show that they were creditors of Knight, and in a position to question the *bona fides* of the transfer to her of the real estate with which she purchased the chattels in controversy in the replevin action.

It is further contended by plaintiffs in error that the trial court erred in rendering judgment against them for the return of the property, and in fixing its value at the sum of $150, which sum was in excess of the value as alleged in the petition. The proof showed and it was admitted that the plaintiff was in possession of the property at the time of the trial. Our statute provides for the form of judgment in replevin causes. Section 4063 reads: "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or for the recovery of possession, or the value thereof, in case a delivery cannot be had, and of damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property or the value thereof in case a return cannot be had, and damages for taking and withholding the same."

In the case at bar the plaintiff was in possession, and was only entitled to a judgment for possession. It is only in a case where the defendant is in possession of the prop-

erty, and the plaintiff recovers, that a judgment is proper providing for a return of the property to the plaintiff, or, in case a return cannot be had, a judgment for its value. Technically speaking, this judgment was erroneous. The value, as alleged in the petition, was $135. The jury could not fix it at any higher value than that alleged, but how can the defendants in error be prejudiced by this irregularity or on account of the judgment providing for a delivery of the property? The plaintiff was already in possession of the property, and no return could be enforced, and, she being already in possession, the question of value was immaterial. It was an irregularity which does not materially affect the substantial right of the defendants, nor does it give to the plaintiff the right to enforce any personal judgment against the defendants. The verdict of the jury was that the plaintiff was the owner and entitled to the possesion of the property described, and that at the commencement of the action the defendants unlawfully detained it from her. The judgment should have followed and conformed to the verdict.

We find no error in the record that will warrant a new trial in the cause, but the judgment should be modified so as to conform to the verdict of the jury and the require-ments of the statute. It is therefore ordered that the judgment of the probate court be so modified as to adjudge that the plaintiff is the owner and entitled to the possession of the two mules and harness described in her petition, and for costs against the defendants, and, as so modified, the judgment of the probate court is in all things affirmed, at the costs of the appellants, and cause is remanded.

Burwell, J., who was of counsel, not sitting; all of the other Justices concurring.