## MARY J. DUNN V. JOHN B. OVERTON, *et al.*

(Filed September 6, 1905.)

**REPLEVIN—Attachment—Fraudulent Transfer.** In replevin by A against an officer who justifies under a writ of attachment against the property of B, on the grounds of a fraudulent transfer of the property by B to A to defeat the creditors of B, it is a material element of such defense that the relation of debtor and creditor exists between the attachment plaintiffs and B, and the question as to whether such transfer was fraudulent is immaterial, until the officer has shown that he represents creditors. (Following Marrinan & Bro. v. Knight 7 Okla. 419.)

(Syllabus by the Court.)

*Error from the District Court of Greer County; before James K. Beauchamp, Trial Judge.*

*Shartel, Keaton & Wells,* for plaintiff in error.

*Garrett & Garrett,* for defendants in error.

PER CURIAM: This was an action in replevin brought by the plaintiff in error to recover certain livestock levied upon by the defendant in error, sheriff of Greer county, under a writ of attachment.

The writ of attachment was issued out of the probate court of Greer county in an action there brought by Gilliand & Co. against J. F. Dunn, husband of the plaintiff in this case. Dunn was sued by Gilliand and Co. in the probate court for debt. The plaintiff brought this action to recover possession of the property levied upon, alleging that it belonged to her. The defendants answering charged that he held the property by virtue of the writ of attachment issued as above stated, and alleging title to the property in plaintiff's

husband, and further charged that plaintiff's title thereto, if any she had, was fraudulent as to Dunn's creditors, and that Gilliand was one of such creditors. The cause was tried in the court below, and the evidence offered was addressed exclusively to the question of ownership of the property, no evidence being introduced tending to show any indebtedness of J. F. Dunn to Gilliand & Co. J. F. Dunn is not a party to this action, and Mrs. Dunn was not a party to the action in the probate court. The verdict and judgment was in favor of the defendants.

Motion for a new trial was overruled, and the cause comes to this court upon error.

The right of the defendants in error to recover in the court below was dependent upon the existence of an indebtedness from J. F. Dunn to Gilliand & Co., without which there was no right of action against Dunn, and no rightful levy of an attachment upon his property. The failure in this case to make proof of such indebtedness brings the case within the conclusions reached by this court in *Marrinan & Bros. v. Hannah F. Knight,* 7 Okla. 419, which holds that under such circumstances a recovery cannot be had by the defendants in error.

The judgment of the district court of Greer county is reversed, and the cause remanded with instructions to the trial court to sustain the motion for a new trial.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.