GEORGE E. BINGHAM v. JOHN C. OZMUN.

(Filed September 5, 1907.)

(92 Pac. 147.)

ATTACHMENT—Claims by Third Persons—Void Assignment—Burden of Proof. Where an assignment for the benefit of creditors is void, but the assignee has taken possession of the property, and the sheriff levies upon such property under an order of attachment in an action against the assignor, and finally sells the property under an order of sale which recites the judgment of the

court for the amount recovered in the case, and also an order sustaining the attachment and for the sale of the property, in an action by the assignee against the sheriff for conversion, the burden of proof is upon the assignee to establish his right to recover by a preponderance of the evidence. In such circumstances the order of sale, which was regular upon its face, will prevail over the void assignment; and, where the record shows that an assignment is void, proof of such assignment will not defeat an attachment proceeding against the assignor. The property will be treated as the property of the assignor and measured by the same rules that would obtain without said assignment, and even possession of the property by the assignee at the time of the attachment will not inure to his benefit.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before Clinton F. Irwin, Trial Judge.*

Affirmed.

*W. M. Wallace,* for plaintiff in error.
*John W. Clark,* for defendant in error.

Opinion of the court by

BURWELL, J.: One Mrs. F. Baughman, on June 28, 1905, executed and delivered a deed of assignment for the benefit of creditors to George E. Bingham, but the deed was not acknowledged, nor had it ever been recorded, as provided by law. On July 28, 1905, the assignee took possession of the property. On August 4, 1905, one Emma A. Eastland, having commenced suit in the probate court of Canadian county against the assignor, Mrs. F. Baughman, caused an order of attachment to issue from that court, and the sheriff, the defendant in error herein, levied the same upon the property in the hands of the assignee, took possession of the property, and subsequently sold the same under an order of sale issued from the probate court; which order of sale recited the bringing of the suit, the levying of the attachment, the judgment of the court for the amount due and sustaining the attachment and directing that the attached property be sold.

This suit is by the assignee against the sheriff for conversion of the property. The lower court rendered judgment for the de-

fendant. Can the judgment be sustained? By section 304 of the statutes of Oklahoma of 1893, it is provided:

"An assignment for the benefit of creditors must be recorded, and the inventory required by section eight filed with the register of deeds of the county in which the assignor resided at the date of the assignment," etc.

Section 302 of the same statute provides that: "Within twenty days after an assignment is made for the benefit of creditors, the assignor must make and file in the manner prescribed in section three hundred and four a full and true inventory, showing, first: All of the creditors of the assignor," etc. And then it is declared in section 306 that: "An assignment for the benefit of creditors is void against creditors of the assignor, and against purchasers and incumbrancers in good faith and for value, if the assignment is not recorded, and the inventory required by section eight filed, pursuant to section ten (304) within twenty days after the date of the assignment   *   *   *"

The assignment in question is void as to creditors; but has the sheriff justified under his original writ of attachment and order of sale so as to protect him against the claim of the plaintiff? The plaintiff was rightfully in possession of the property, and under the deed of assignment was entitled to hold possession of the property and sell it and pay the debts of the assignor; and no one could interfere except it be a creditor of the assignor, or a purchaser or encumbrancer in good faith and for value, or perhaps the assignor himself on the ground that the assignee had not complied with the law.

But the defendant in this case seeks to justify the taking of the property from the plaintiff on the ground that as a sheriff he seized the same under an order of attachment. A careful examination of the record will show that the sheriff failed to prove on the trial that there was any indebtedness due from the assignor to the plaintiff in the attachment suit. This was held necessary in a case of alleged transfer in fraud of creditors when the sheriff relied upon the writ of attachment. *Marrinan v. Knight*, 7 Okla.

419, 54 Pac. 656. And in the same case it was also held that to justify under an execution it is necessary for the sheriff to prove the judgment on which it rests. That was not done in this case. In the case of *Marrinan v. Knight, supra,* the court quotes as follows from an opinion of the supreme court of Wisconsin in the case of *Bogart v. Phelps,* 14 Wis. 95:

"In case of an action by the party against whom the process issued, the process itself, being valid on its face, constitutes a complete justification. In case of suit by another, claiming title to the property seized under such party, which title is contested on the grounds of fraud, he must, in addition to showing that he acted under such process, show that he acted for a creditor. When he acts under process of execution, this is done by producing the judgment on which it issued. If it be mesne process, then the debt must be proved by other competent evidence. This proof, however, is required not because it affects the process, or is in that respect necessary to protect the officer, but because it affects the title to the property in question. No one but a creditor can question the title of the fraudulent vendee, and hence he must show that the relation of debtor and creditor exists between the party against whom the attachment or execution ran and the person in whose behalf it was issued. It is a necessary link in the chain of evidence by which fraud is established."

Chief Justice Burford, in commenting upon the above quotation, said:

"The learned chief justice has plainly and tersely stated the law applicable to the two classes of cases wherein an officer may justify the seizure of property on execution or attachment, and the law, as stated, is well supported by authority."

This is the case on which the appellant relies for a reversal of the judgment of the lower court. We are still satisfied with the law as stated in the case of *Marrinan v. Knight,* but the facts involved in that case are entirely different from the case at bar. The grantee in the *Marrinan-Knight* case claimed to be a purchaser for value. The conveyance of the property appeared to be regular, and the attaching creditor claimed that it was transferred for the purpose of defrauding creditors. In the case before us

the deed of assignment is void as against creditors of the assignor, and although the sheriff would have been compelled to prove an indebtedness from the assignor to the attaching creditor, or prove a valid judgment against the former and in favor of the latter if the assignment were regular, even though it were made to defraud some of his creditors, still we are in reason bound to hold that an attachment or execution regular and valid upon its face will prevail over a deed of assignment which is void as to creditors, in an action by the assignee against the sheriff for conversion of the property by reason of the sale of the property on an order of sale in the attachment suit. As between the sheriff and the assignor, the sheriff is protected by the orders of attachment and sale. The record shows that the assignee claims no interest in the property except as assignee, and as he was plaintiff in the case below the burden of proof was upon him to show that the sheriff took property in which he was interested; that is, the burden was upon him to prove his right to recover by a preponderance of evidence. As the assignment was void, the assignee had no greater rights than the assignor would have had. The legal title had not yet passed under the assignment law, and the sheriff had the lawful authority to treat the property as that of the assignor.

In the case of *Bartlett v. Teah*, 1 Fed. 768, Judge Caldwell said:

"The assignee, in a voluntary deed of assignment to pay creditors, is not a purchaser for value; he has none of the equities of such a purchaser, and in a court of law he must stand on his naked legal title, which he can only acquire in the mode prescribed by the statute."

If the issue between the rights of the attaching creditor and the assignee had arisen in a case wherein the burden was on the attaching creditor, then the rule announced in the case of *Marrinan v. Knight* would prevail and the attaching creditor would have to show an existing indebtedness, or an execution creditor a valid judgment in his favor; but as the assignment, under the express provisions of the statute, is void, even the possession of

the property cannot assist the claims of the assignee. The law will simply treat him as holding the property as the agent of the assignor. The case of *Bartlett v. Teah* is instructive upon this point of the controversy, and fully sustains the view taken herein.

The judgment of the lower court is hereby affirmed, at the cost of the appellant.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.