June Term, 1861.

BOGERT
v.
PHELPS.

## BOGERT, Adm'r of HEWES, vs. PHELPS.

14 88
88 117
88 273
14 88
91 487

Where a warrant of attachment is good upon its face and issued from a court of competent jurisdiction, the officer who executes it cannot be subjected to an action on account of any irregularities in the issuing of the writ, of which he had no knowledge.

This rule applies whether the action against the officer is brought by the defendant in the attachment or by a stranger.

But where the action is by a third person who claims title to the property attached under a transfer from the attachment defendant, and that transfer is sought to be impeached as having been made in fraud of creditors, it then becomes necessary for the officer to show not only that he acted under a writ valid on its face, but also that the relation of debtor and creditor existed between the attachment defendant and the plaintiff in the attachment.

Upon a writ of attachment in favor of A & Co. against B & C, as partners, the sheriff seized certain goods: *Held*, in an action against the sheriff, by a third party who claimed the goods under a purchase from C before the attachment, that there was no error in excluding evidence offered by the plaintiff, of a release from A & Co. to B, for his half of the debt for which the attachment was issued, as such release would not, under the statute, discharge C, unless it were shown, either that as between him and B, nothing was equitably due from him to the attaching creditors, or that B, to procure his release, had paid the entire amount of the debt; and the party tendering such release in evidence not offering to prove either of said conditions, the release was immaterial.

The *declarations* of a vendor of personal property, made several days after the sale and delivery, are not admissible in evidence, to establish fraud in the vendee.

This court will review no questions in a cause which were not fairly presented for the consideration of the court before which the action was originally tried.

APPEAL from the Circuit Court for *Dodge* County.

This action was brought by *Cyrus Hewes* to recover the value of certain goods alleged to have been wrongfully taken from his possession by the defendant on the 24th of June, 1857. Defense, that the goods were the property of one

Robinson and one John M. Hewes as partners, and were seized by the defendant as sheriff, under an attachment duly issued against them, at the suit of Gordon, Fellows & Mc- Millan, who were creditors of that firm.

On the trial, the defendant proved that Robinson and John M. Hewes, as partners, had purchased goods of Gordon, Fellows & McMillan, to the value of $3,758 45; which had not been paid for on the 22d of June, 1857. He then read in evidence a summons for relief in an action by Gordon, Fellows & McMillan against Robinson & Hewes, in the Dodge circuit court, dated *September* 1, 1857, and offered in evidence a warrant of attachment issued on the 22d of *June*, 1857, to the defendant as sheriff, by the county judge of Dodge county, which, after reciting that it had been made satisfactorily to appear to said judge, by affidavit, that the sum of $3,758 45 was then due to said Gordon, Fellows & McMillan from Robinson & Hewes, for goods &c.; that a summons had been issued in an action commenced for the recovery of said indebtedness; that said Robinson & Hewes had been guilty of a fraud in contracting said indebtedness, and had disposed of their property with the intent to defraud their creditors; and that the plaintiffs had filed the undertaking required by law, &c.; commanded the sheriff to attach the property of said Robinson & Hewes to satisfy the plaintiffs' demand. The sheriff's return was indorsed on the writ, and an inventory and appraisal of the attached property annexed, dated June 24, 1857. This evidence was objected to, on the ground that the warrant did not agree with the summons, and that it did not appear that the summons was issued previous to the allowance of the warrant, and also because the warrant was defective and irregular. Objection overruled. The defendant then introduced evidence showing that Robinson and John M. Hewes divided their stock early in June, 1857; that John M. Hewes sold his half of the stock to *Cyrus Hewes* on the 10th of that month, and that these were the goods in question; also evidence tending to show that the sale to the plaintiff was made with intent to defraud the creditors of Robinson and Hewes, and that the plaintiff was privy to that intent. A part of the testimony tending to show

the fraudulent intent was that of one Burget, who testified to certain declarations made to him at his own house by John M. Hewes about the 18th of June, 1857, and not in the presence of the plaintiff; to the admission of which the plaintiff objected on the ground that it was irrelevant, but the objection was overruled. It appeared also from the testimony introduced by the defendant, that the indebtedness of Robinson & Hewes to the attachment plaintiffs was secured by notes, none of which were *due* when the warrant was issued. One of the defendant's witnesses was asked by the plaintiff, what amount Robinson had paid since the attachment was commenced; and another, whether after the sale to *Cyrus Hewes*, Robinson secured any part of the attachment plaintiffs' claim? The plaintiff also offered in evidence the complaint in the attachment suit, for the purpose of showing that it did not set forth any ground for an attachment, nor agree with the allegations of the affidavit on which the warrant was issued and also for the purpose of showing that said action was for a tort. For the same purposes he offered the entire record in the attachment suit; and he also offered in evidence a written release of Robinson, from the claim of the plaintiffs in said suit, executed by the plaintiffs before the warrant was issued. All these questions and offers of evidence by the plaintiff, were overruled and rejected as immaterial.

Verdict for the defendant.

After the cause came to this court, *Cyrus Hewes* died, and *Robert V. Bogert*, his administrator, was, on petition, substituted as plaintiff in the action.

*Smith & Ordway*, for appellant:

The defendant could not impeach the plaintiff's title without first showing that he represented a prior creditor of the plaintiff's vendor. 2 Greenl. on Ev., §§ 593 and 629; *Sheldon vs. Van Buskirk*, 2 Coms., 473; *Damon vs. Bryant*, 2 Pick., 411; 2 C. & H.'s Notes, pp. 793–4 and 789; *Eaton vs. White*, 2 Wis., 292; *Seymour vs. Wilson*, 15 How. Pr. R., 355. The sheriff will be held strictly to his justification, and can prove only the facts therein alleged. *McCarty vs. Gage*, 3 Wis., 404. The facts alleged and to be proved were,

the indebtedness of the defendants in the attachment, and the right of the plaintiffs to bring suit; the commencement of an action to recover; the due issue of a warrant; the defendant's official character; the levy and return of the warrant; and that the property seized belonged to the defendants in the attachment suit. The warrant of attachment was improperly admitted in evidence, (1.) Because there was no proof that an action had been commenced in which the attachment had been issued. (2.) Because no affidavit was introduced upon which the warrant was issued. Code, sec. 137; *McCarty vs. Gage, supra.* (3.) The defendant showed no matured indebtedness from 'Robinson and John M. Hewes to the attachment plaintiffs. 2. The court erred in refusing to receive in evidence the complaint filed in the attachment suit, or the entire record in said suit; and also in refusing the question, "What amount has Robinson paid since the attachment was commenced?" These would have shown that there was no valid attachment. 3. The court erred in refusing evidence of the written release of Robinson. This release would have discharged both defendants. (1). A release of one partner releases the other. Willard's Eq., 190; *Reid vs. McNaughton*, 15 Barb., 177; Story on Part., 259, 260. The statute does not apply to partnership debts. The proportion which each party ought to pay towards their joint indebtedness can be ascertained only by agreement between the partners, or by an accounting in a proper court. It would be inequitable to give a creditor power to fix this amount, by settling with and releasing one partner and holding the other liable. (2). If the claim of the attachment plaintiffs was founded in *tort*, the release of one *tort feasor* discharged the other. Bac. Abr., title "Release;" Story's Part., 259–60; *Knickerbacker vs. Colver*, 8 Cow., 111. 4. The court erred in receiving evidence of statements of John M. Hewes, made after the sale to *Cyrus Hewes*. *Ligon vs. Long*, 5 Munf. (Va.), 14; *Frear vs. Evertson*, 20 Johns., 142; 1 C. & H.'s Notes, n. 230, p. 386 et seq.; *Donaldson vs. Johnson*, 2 Chand., 160.

   *Judson Roswell*, for respondent.    [No argument on file.]

*June Term, 1861.*

Bogert
v.
Phelps.

*By the Court*, DIXON, C. J.   The record in this case does not present the question made and argued by the counsel for the appellant in the first point of their brief.   It is not pretended that the warrant of attachment was bad on its face; nor that the county judge of Dodge county had not the power to issue it.   These two things being conceded, it operated as a complete protection to the officer for all acts which he might lawfully do by virtue of it.   It matters not how irregularly the county judge may have exercised the jurisdiction conferred upon him by law, or how far he may have departed from the directions of the statute; the respondent was not affected thereby.   He acted ministerially under process good upon its face, and cannot be subjected to an action for what he thus did, on account of any defects or irregularities in issuing it, of which he was entirely ignorant.   This principle is well settled.   *Savacool vs. Boughton*, 5 Wend., 170; *Sheldon vs. Van Buskirk*, 4 Coms., 473.   The application of this principle is the same, whether the action against him is brought by the party against whom the process issued, or by a total stranger.   Neither can recover merely on account of defects or irregularities of which the officer had no knowledge.   In case of an action by the party against whom process issued, the process itself, being valid on its face, constitutes a complete justification.   In case of suit by another claiming title to the property seized, under such party, which title is contested on the ground of fraud, he must, in addition to showing that he acted under such process, show that he acted for a creditor.   Where he acts under process of execution, this is done by producing the judgment on which it is issued.   If it be mesne process, then the debt must be proved by other competent evidence.   This proof, however, is required, not because it affects the process, or is in that respect necessary to protect the officer, but because it affects the title to the property in question.   No one but a creditor can question the title of the fraudulent vendee, and hence he must show that the relation of debtor and creditor exists between the party against whom the attachment or execution ran and the person in whose behalf it was issued.   It is a necessary link in the chain of evidence

by which the fraud is to be established. *Sheldon vs. Van Bus-kirk, supra ; Damon vs. Bryant,* 2 Pick., 411. It is a mistake, therefore, to suppose that because the action is brought by a stranger, the officer is deprived of the protection afforded by process good upon its face ; and that the door is thereby opened to its impeachment on account of a defective or irregular exercise of jurisdiction by the officer who issued it. The protective energy of the writ is not thus destroyed ; but the assailing party must recover, if at all, not upon informalities and imperfections not appearing upon its face, but upon his superior right. If the officer shows process apparently good, and establishes title in the party against whom it issued, his defense is complete ; and it is not for the opposite party to recover upon matters of which the original defendant might have availed himself in that action, to abate or set the process aside. By producing an apparently good writ, and showing title in the defendant named in it, he establishes, as to himself, a lawful act by virtue of lawful process, which is all that can be required of him. In going, as it were, outside of his writ, and taking property which is claimed by a third person, he acts upon the supposition that a writ apparently good is so in fact, and assumes only the risk or burden of proving that the title is in the execution or attachment debtor, and not the additional one of showing that all the previous steps in the action have been regularly and properly taken. This is, in general, the extent of his liability, and it would be most unjust to make him responsible beyond it.

June Term, 1861.

BOGERT
v.
PHELPS.

The first position taken by counsel for the appellant is, that in order to enable the respondent to impeach the appellant's title, which was derived from the attachment debtor, he must show that he represented a prior creditor of the latter. As has been already observed, this is no doubt a correct legal proposition, but it is not involved here. No question of the kind was made on the trial below. No objection was raised, no exception taken, nor instruction asked, which in any manner involved it; and the appellant cannot be allowed to shift his ground, and make it here for the first time. We can review no questions which were not fairly

presented for the consideration of the court before which the action was originally tried.　If proper instructions had been asked and refused, and exceptions taken, it may be possible that the plaintiffs in the attachment suit would have been held not to be such creditors as could have impeached the sale to the appellant in this particular case.　That they were creditors of the attachment debtor, is clearly proved; but it likewise appears that their demand was not due at the time the proceeding by attachment was commenced.　What effect, if any, this circumstance has upon the question of fraud, it is unnecessary for us to consider.　The evidence of this general relation of debtor and creditor was received without objection, and no legal question was made upon its sufficiency. Counsel seem to rely upon the exception taken to the introduction of the warrant of attachment as properly raising it; but it is manifest that it does not.　The objections were, "that the warrant did not agree with the summons, and that it did not appear that the summons was issued previous to its allowance."　These objections only went to the regularity of the proceedings; and, as we have seen, cannot be taken advantage of against the officer.　The warrant, being good on its face, was a distinct and independent item of evidence, which the respondent was entitled to introduce; and the only objection which could have been taken to its introduction was as to the order of time in which it was to be received. If such an objection was proper, it was not urged.　Most of the testimony concerning the fraudulent nature of the transfer to the appellant, was received without opposition of any kind; and it does not appear that the attention of the court was called to the point here argued.　We cannot, therefore, consider it.

There was no error in the rejection of the written release of Robinson.　The statute (sec. 106, chap. 137, R. S.), provides that any creditor or creditors to whom two or more persons are jointly indebted, either upon contract or the judgment of any court of record, may release one or more of the persons so jointly liable from such joint indebtedness; and such release shall operate as a satisfaction or discharge of such joint debt, only to the amount of the proportion which

the person so released ought in equity, as between himself and the other joint debtor or debtors, to pay; and as to the balance of such joint debt, the contract or judgment, as the case may be, on which the same is owing, shall be and remain in full force as to the joint debtor or debtors not so released, and may be enforced against him or them alone the same as if such joint contract or judgment had been made by or rendered against him or them alone; *provided*, that if the amount paid by the person released in any case, to procure his release, shall exceed the proportion of such joint debt which he, as between himself and his co-debtor or co-debtors, ought to pay, then such joint debt shall thereby be satisfied to the extent of the sum actually paid to procure such release; *and provided also*, that if the person released is only a surety, his release shall operate as a payment of such joint debt to the extent of the money actually paid by him to procure the same, and no farther." Robinson and John M. Hewes were joint debtors. The release of the former did not necessarily discharge the latter. To give it that effect, one of two things must be shown: either that, as between them, there was, in equity, nothing due from Hewes to the attaching creditors, or that Robinson, to procure his release, paid the entire amount of the joint debt. The burden of showing these conditions was upon the appellant; and as he made no offer to do so, the release was properly rejected. Without proof of them, it was wholly immaterial.

The declarations of John M. Hewes to the witness Burgett, made on the 18th of June, five days after the sale, were improperly received; and for that reason the judgment must be reversed. The declarations of the vendor are received as evidence to establish *fraud in him*, but not *in the vendee*. In order to affect the latter, his knowledge of and participation in the fraud of the vendee must also be proved. The declarations of the vendor, to be admissible, must be a part of the *res gestæ*. When possession is delivered and the transfer complete, they must be made at or near the time of sale. It may not, perhaps, be material whether they are made shortly before or shortly after the sale, if made so near the time of it as fairly to indicate what was then passing in

June Term, 1861.

FARMERS' AND MILLERS' BK. OF MILWAUKEE v. LUTHER et al.

his mind. They are facts connected with the main transaction which tend to show the motive of the vendor, and are of more or less weight according to the circumstances of each particular case. 2 La. An. Rep., 482; 3 Martin (N. S.), 23; 41 Me., 153. If they are so remote as not to be indicative of the thoughts of the vendor at the time of the sale, or that they may have been deliberately made for the purpose of disparaging the vendee's title, they are inadmissible. Here they were made at a different place, and so long after the sale as to make it clear that they should have been excluded.

Judgment reversed, and a new trial awarded.