SALMON S. MATHEWS v. THADDEUS DENSMORE, ELISHA P. GROW AND DEWITT GROW.

43    461
s5NW   669
r109US 216
r27Led ·912
r 3SC  126

*Attachment—Affidavit for writ—Seizure.*

A writ of attachment is invalid in Michigan if issued upon an affidavit that does not state the claim to be due. Comp. L. § 6398.

An invalid writ of attachment will not justify the officer who executes it in seizing property in the possession of mortgagees.

Proceedings by attachment are statutory and must conform strictly to the requirements of the statute.

Error to Ingham. Submitted April 16. Decided April 30.

REPLEVIN. Defendant brings error.

*Julian G. Dickinson, John D. Conely* and *Theodore Romeyn* for plaintiff in error. An officer acting under process from a State court cannot interfere with the possession of goods acquired by a United States Marshal by virtue of the process of a Federal court, *Buck v. Colbath* 3 Wall. 334; *Freeman v. Howe* 24 How. 450; *Chapin v. James* 14 Am. L. Reg. 214, n.; on principles of comity, a State court will not in a collateral proceeding declare the process of the Federal court void in a pending suit regularly begun, *Voorhees v. Bank of U. S.* 10 Pet. 449.

*Henry P. Henderson* for defendant in error. An officer is not protected by his writ, in a suit by third parties, if he does not show that it was legal, 1 Waterman on Trespass § 467; 2 Hilliard Torts (2d ed.) 210–212.

COOLEY, J. Plaintiff in error is marshal of the United States for the Eastern District of Michigan, and as such levied an attachment issuing out of the United States Circuit Court for that District, upon a stock of goods in possession of the defendants in error. The plaintiffs in the attachment composed the firm of Simonds, Hatch & Whitten, and the defendants the firm of Gates & Marler.

Before the attachment was served Densmore, by virtue of one chattel mortgage given by Gates & Marler, and Elisha P. and DeWitt Grow, by virtue of another, had jointly taken possession of the stock of goods, and were then in possession and making sale of them. When the marshal seized the goods and dispossessed them, they brought suit in trespass. The marshal justified under his attachment. On the trial the attachment was held to be void for fatal defects in the affidavit on which it issued, and the plaintiffs had judgment.

The record in error presents only the one question; whether the court was right in ruling out the officer's justification. In this court scarcely an attempt has been made to support the affidavit. The statute under which the writ was taken out requires the plaintiff or some one in his behalf to make affidavit of the amount owing to him from the defendant, over and above all set-offs, and that the same is due. Comp. L. § 6398. The defect in the affidavit in this case was that it did not aver that the debt was due.* The affidavit might

---

THE AFFIDAVIT.*

STEPHEN B. SIMONS, CORNELIUS B. HATCH and HENRY C. WHITTEN

v.

FRANK GATES and THOMAS MARLER.

*In the Circuit Court of the United States for the Eastern District of Michigan.*

UNITED STATES OF AMERICA, } ss.
EASTERN DISTRICT OF MICHIGAN. }

Julian G. Dickinson, being duly sworn, says that he is the attorney for the above named Stephen B. Simons, Cornelius P. Hatch and Henry C. Whitten, who comprise the firm of Simons, Hatch and Whitten, plaintiffs in the above entitled cause. That said plaintiffs' action in the said cause is founded upon contract express and implied, and was commenced by declaration in said court, wherein judgment has not yet been recovered. That the said declaration in said cause has been personally served upon the said Frank Gates, who is now the only existing member of said firm, the said Marler having never acted as a member of the firm of Gates & Marler, but having absconded and concealed himself ever since the purchase of the goods upon which this action is founded.

And deponent further says that said defendants in the annexed writ in said cause, are indebted to said plaintiffs in said writ in the sum of five hundred dollars, over and above all legal set-offs, as near as this deponent can estimate the same, upon contract express and implied. That this deponent has good reason to believe that the

be true, and yet no right of action have accrued upon it. *Cross v. McMaken* 17 Mich. 511; *Wells v. Parker* 26 Mich. 102. As this proceeding is extraordinary, and depends wholly upon the statute, the failure to follow the statute in this important particular was correctly held to render the affidavit nugatory.

It is nevertheless urged on behalf of the marshal that though the affidavit was defective, his writ was fair upon its face, and was therefore a complete protection to him on the familiar principle that an officer is justified in obeying any process which appears to be lawfully issued to him, and which on its face apprises him of no legal reason why he should refrain from doing so, *Erskine v. Hohnbach* 14 Wall. 613; *Bird v. Perkins* 33 Mich. 28; *Watson v. Watson* 9 Conn. 140; *Lott v. Hubbard* 44 Ala. 593; *Hill v. Figley* 25 Ill. 156; *Seekins v. Goodale* 61 Me. 400; *Underwood v. Robinson* 106 Mass. 296; *Walden v. Dudley* 49 Mo. 419; *Gore v. Mastin* 66 N. C. 371. And no doubt the writ in this case must be

---

said defendants fraudulently contracted the said debt respecting which the said suit is brought; that the said defendants have disposed of their property with intent to defraud their creditors.

And further deponent saith not.

[Signed]       JULIAN G. DICKINSON.

Sworn to and subscribed before me this 13th day of January, A. D., 1879.

.[Signed]       ADDISON MANDELL,
    *Com. Circuit Court U. S., E. D. of Michigan.*

THE WRIT.

STEPHEN B. SIMONS,
CORNELIUS B. HATCH, and
HENRY C. WHITTEN,     *In the Circuit Court of the United States*
    *vs.*         *for the Eastern District of Michigan.*
FRANK GATES and
THOMAS MARLER.

CIRCUIT COURT UNITED STATES,    } ss.
FOR THE EASTERN DISTRICT OF MICHIGAN,

*The President of the United States of America to the Marshal of the Eastern District of Michigan—Greeting:*

WHEREAS, A suit has been commenced in the above entitled cause in said court, by declaration in an action of *assumpsit* founded on an express and implied contract, which said suit is now pending and undetermined:

You are, therefore, commanded to attach so much of the lands, tenements, goods, chattels, moneys, and effects of Frank Gates and

regarded as fair on its face. Under the general law relating to attachments, where the suit is begun by that writ, the affidavit is attached to and in legal effect becomes a part of it, and if then the affidavit is void the writ is void also. But under an amendatory statute passed in 1867, which permits the issue of the writ in pending suits, the affidavit is filed with the clerk, and the officer to whom the writ is issued is supposed to know nothing of it, Comp. L. § 6433. It was under the amendatory statute that the writ in this case was issued, and an inspection of its provisions shows that the writ contains all the recitals that the statute requires, Comp. L. § 6434.

But the principle which is appealed to has no application to a case of this description. The marshal in this case is not seeking to defend himself under his writ; he is endeavoring to assail the title of others. He has not seized goods in the hands of Gates & Marler and confessedly owned by them, but he has taken goods

---

Thomas Marler, who are citizens of the state, and residents of the Eastern District of Michigan, the defendants in said suit, not exempt from execution, wheresoever the same may be found within said district, as will be sufficient to satisfy the demand of the said Stephen B. Simons, Cornelius P. Hatch, and Henry C. Whitten, plaintiffs in said suit, who are citizens of the state of Massachusetts, amounting as is alleged to the sum of five hundred dollars and upwards, over and above all legal set-offs, and safely keep the same to satisfy any judgment that may be recovered by the said plaintiffs in said suit against the said defendants. And have you then and there this writ, with a return of your doings thereon, before the judge of said court, [SEAL.] at the district court room in the city of Detroit, on Tuesday, the 4th day of February, A. D. 1879.

Witness, the Honorable Morrison R. Waite, Chief Justice of the Supreme Court of the United States, this thirteenth day of January, in the year of our Lord one thousand eight hundred and seventy-nine, and of the independence of the United States the one hundred and third.　　　[Signed.]　　　ADDISON MANDELL, Clerk.

EASTERN DISTRICT OF MICHIGAN.—ss.

I do hereby certify and return that I executed the within writ of attachment on the 16th day of January, A. D. 1879, by seizing, within the said district, the lands, tenements, goods, chattels, moneys, and effects of the defendants, designated and described in the inventory thereof, which is hereto annexed, and by making the said inventory, and by serving within said district a copy of such attachment and inventory, duly certified by me, upon Frank Gates, at Dansville, Michigan, in said district.

　　　[Signed]　　　　　　　　　　S. S. MATHEWS,
　　　　　　　　　　　　　　　　　　　　　U. S. Marshal.

away from Densmore and the Grows to which they assert a title as mortgagees, and is seeking to hold them on the alleged ground that by virtue of a writ against Gates & Marler in favor of certain of their creditors, he is in position to contest the right set up by the mortgagees. Now if in point of fact he has a valid writ of the kind he claims, the marshal, representing the creditors, is in position to attack the mortgages; but if he has no such writ, it is no concern of his whether the mortgages are valid or not. The first step in his justification is therefore to show not a writ merely, but a valid writ; and there can be no valid writ of attachment without a sufficient affidavit. *Earl v. Camp* 16 Wend. 562; *Parker v. Walrod* 16 Wend. 514 517; *Beach v. Botsford* 1 Doug. (Mich.) 199; *LeRoy v. East Saginaw City Railway* 18 Mich. 233; *Watkins v. Wallace* 19 Mich. 57, 74. The marshal understood this, and endeavored to satisfy the rule by producing a certified copy of the affidavit. Unfortunately the evidence defeated the justification instead of supporting it.

The circuit court decided correctly in holding that no ground had been shown for interfering with the possession of the mortgages, and the judgment must be affirmed with costs.

The other Justices concurred.