(May 25, 1904.)

## GATWARD v. WHEELER.

[77 Pac. 23.]

ATTACHMENT—WHAT AFFIDAVIT SHOULD CONTAIN.

1. An affidavit for an attachment must contain an allegation in unequivocal language that the debt sued on is due before the writ of attachment should issue.

(Syllabus by the court.)

APPEAL from the District Court of Shoshone County, from an order sustaining a motion to dissolve and discharge an attachment. Judgment affirmed. Honorable Ralph T. Morgan, District Judge.

The facts are stated in the opinion.

W. T. Stole, for Appellant.

If the term "indebted" has no legal signification there might be some room for argument. The supreme court of Wisconsin in the case of *Towbridge v. Sickler,* 42 Wis. 420, has adjudicated the meaning of the word "indebted." The court says: "It has been held in Louisiana that the words 'really indebted' convey the idea of a debt actually due and payable; not *debitum in-*

*praesenti, solvendum in futuro.* No weight seems to have been given to the adverb *"really."* (*Parmele v. Johnston,* 15 La. 429; *Wilcox v. Jamieson,* 20 Colo. 158, 36 Pac. 902; 1 Estee's Pleading and Practice, sec. 605; Bliss on Code Pleading, sec. 152, 210; *Farron v. Sherwood,* 17 N. Y. 227; *Mayes v. Goldsmith,* 58 Ind. 94.) The second ground for discharging the attachment was that the affidavit therefor was insufficient, in that the indebtedness therein mentioned was not stated to be due at the time of the execution or filing of the affidavit, or at the beginning of the action, or at all. Here we have the same question presented to the court of the meaning of the word "indebtedness," except that the affidavit and its contents depend entirely upon the statute and not upon the common law. If, therefore, the statute is complied with, that is all that can be required. It must be observed that the remedy of attachment is extraordinary, resting wholly upon authority from the statute. It is a creature of legislative enactment, and all steps prescribed by the statute must be strictly followed in substance. (Drake on Attachment, par. 97; Cal. Code Civ. Proc., sec. 538; *Weaver v. Hayward,* 41 Cal. 117; *Trowbridge v. Sickler,* 42 Wis. 417; *Quarles v. Robinson,* 2 Pinn. 97 (1 Chand. 29); *Lenox v. Howland,* 3 Caines, 323.) It is true that in many states the authorities hold that the words "is due" or "is now due" are necessary to the affidavit, but an examination of those decisions will disclose that the statute of those states requires a recital in words that the debt "is due." In Michigan, for instance, the authorities hold an affidavit insufficient and the court without jurisdiction, unless it is stated that the debt is due; this is because the statute in words requires it. (*Mathews v. Densmore,* 43 Mich. 461, 5 N. W. 669; *Cross v. McMahon,* 17 Mich. 511, 97 Am. Dec. 203; *Wells v. Parker,* 26 Mich. 102.) These authorities do not conflict nor confuse the Idaho statute. On the other hand, it clears our position and renders the affidavit sufficient. The simple and elementary principle contended for here is that it is never, under any circumstances, necessary to go beyond what the statute requires; but that it is necessary to fulfill the terms of the statute. The supreme court of Idaho is directly in accord with this principle of law, it being an-

.nounced in the case of *Kerns v. McAulay,* 8 Idaho, 558, 69 Pac. .539.

A. A. Crane and C. W. Beale, for Respondents.

The declaration in the complaint that the defendants were in-·debted to the plaintiffs, under the decision of this court, is not :a sufficient declaration upon which to found a judgment on ac-·count for goods, wares and merchandise. In the case of *Holton v. Sand Point Lumber Co.,* 7 Idaho, 573, 64 Pac. 889, this court held that the complaint must contain a declaration that the ac-·count or debt sued upon was due at the time of the commence-·ment of the action. The complaint in said action did not contain any positive declaration that the debt was due; to which a demurrer was filed charging the same to be insufficient for that reason, which demurrer was by the lower court overruled, and which ruling of the lower court this court held to be error. An attempt was made to join the wife of the defendant in the action brought upon what the complaint alleges to be a community debt, and that in the face of the decision of *Jaeckel v. Pease,* 6 Idaho, 131, 53 Pac. 399, which holds that a married woman not only cannot be sued for the debt of the community, but cannot even make a contract binding herself to pay the community debt. The affidavit for attachment does not allege that the indebtedness sued upon was due. (*Kerns v. McAulay,* 8 Idaho, 558, 69 Pac. 539.)

STOCKSLAGER, J.—This case is here for review on two appeals from the district court of Shoshone county. December 14, 1903, plaintiffs filed their complaint in the district court praying for a judgment against defendants for the sum of $3,-129.26; on the same day the clerk of the district court issued an attachment, and on the twenty-ninth day of December the sheriff returned the writ with his service showing he had levied on certain real estate in Shoshone county alleged to be the property of defendants.

At the time of filing the complaint the plaintiffs caused to be filed an affidavit for attachment, to wit: "That the defendants are indebted to the plaintffs in the sum of $3,129.26 over

and above all legal setoffs or counterclaims upon an account for the reasonable value of goods, wares and merchandise sold to defendants by the plaintiffs between January 1, 1903, and December 10, 1903, and that the payment of the same has not been secured by any mortgage or lien upon real estate or personal property or any pledge of personal property." 'On the same day the complaint and affidavit were filed and an undertaking in the sum of $3,129.26 was also filed with the National Surety Company, a corporation, of New York, as surety. The obligation in the undertaking is as follows: "The condition of the foregoing obligation is such that if the defendants above named recover judgment in said action, or if the attachment therein be wrongfully issued, the plaintiffs will pay all costs that may be awarded to defendants and all damages which they may sustain by reason of the attachment, not exceeding the sum specified in this undertaking."

On the fourth day of January, 1904, counsel for defendants moved to set aside, dismiss and quash the levy and service of the writ of attachment in said action, and to discharge the said writ of attachment heretofore issued herein on the ground that the said writ of attachment was improperly and irregularly issued in said action for the following reasons, to wit:

"1. That the complaint in said action does not state facts sufficient to constitute a cause of action against said defendants or either of them.

"2. That the affidavit for attachment filed in said action was defective and insufficient in this: that it does not state that the indebtedness mentioned in said affidavit was due at the time of the execution or filing of said affidavit or at the beginning of said action, or due at all.

"3. That the undertaking on attachment filed in said action was defective, insufficient and void and not such an undertaking as required by the laws of the state of Idaho."

The provisions of section 4304 of the Code of Civil Procedure of the state of Idaho, as amended by the act of the legislature of said state, approved on the fourteenth day of February, 1899, and the act of February 23, 1899, regulating surety companies found on pages 337, 338, 339 and 340 of the

General Laws of the state of Idaho, . . . . and that said undertaking does not show and was not accompanied with any evidence, documentary or otherwise, showing *prima facie* that the surety company mentioned in said undertaking had qualified to do business in the state of Idaho.

On January 8th it is shown by the court proceedings that this case was placed on the calendar on motion of counsel for defendants, and the following order made: "At this day on motion of C. W. Beale, Esq., of counsel for the defendants, this cause was ordered placed on the calendar, whereupon the demurrer of the defendants and the motion of the defendants to discharge the attachment heretofore issued herein came on to be heard before the court. . . . . After argument by counsel the said demurrer was sustained and the motion allowed."

On the same day plaintiffs gave notice of their intention to appeal from the order dissolving the attachment and filed their undertaking in the sum of $6,300, being double the amount of the claim sued for conditioned for the payment of all costs and damages that may be awarded against the plaintiffs. On the ninth day of January, 1904, the court made the following entry:

"The motion of the defendants in the above-entitled action to discharge the writ of attachment issued in this action came on to be heard before said court on the eighth day of January, 1903, in open court, counsel appearing for plaintiffs and defendants and the court being fully advised in the premises makes its order granting said motion, Wherefore it is hereby ordered that the said writ of attachment heretofore issued in the above-entitled action be, and the same hereby is discharged.

"Done in open court this ninth day of January, A. D. 1904.

"R. T. MORGAN,

"District Judge."

From this order an undertaking was filed in the sum of $6,300, double the amount involved in the suit, to stay proceedings on the attachment. On the ninth day of January, 1904, the following bill of exceptions was settled and allowed:

"Be it remembered that on the eighth day of January, 1904, the above-entitled cause came on for hearing upon defendants'

motion to discharge the writ of attachment herein, and after argument by counsel for respective parties, the court granted said motion, that thereafter and on the ninth day of January, 1904, the defendants presented to the court an order discharging said attachment dated the ninth day of January, 1904. Thereupon the counsel for plaintiffs objected to the signing of said order as of date January 9, 1904, and requested the court to sign said order discharging said attachment as of date January 8, 1904, which said request the court refused, and signed said order as of January 9, 1904; to the refusal of the court to sign said order as of January 8, 1904, as requested, plaintiffs excepted and the exception was allowed. The foregoing bill of exceptions is signed and settled by the court this ninth day of January, 1904.

"R. T. MORGAN,<br>"Judge."

On January 8, 1904, a certificate signed by John H. Meyer, Insurance Commissioner for the state of Idaho, was filed in the district court of Shoshone county, stating that the National Surety Company, 346 Broadway, New York, N. Y., is duly licensed to transact business in the state of Idaho until April 30, 1904.

From this record it will be seen that the only question before us for determination is the sufficiency of the various steps taken in aid of the attachment proceeding.

It is urged by counsel for respondents in support of his motion that the affidavit is defective, in that it did not allege that the debt sued upon was due at the time of making and filing the affidavit, and in support of this contention cites *Kerns v. McAulay,* 8 Idaho, 558, 69 Pac. 539.

The above decision was rendered by this court June 4, 1902, and in passing upon an affidavit similar in terms to the one under consideration, this court, speaking through Mr. Justice Sullivan, says: "Said statute in terms does not require the affidavit to state that the indebtedness is due, but by necessary implication it clearly requires it."

We have carefully reviewed the authorities cited by counsel for appellant, to wit: Drake on Attachment, par. 97, sec. 107;

*Weaver v. Hayward,* 41 Cal. 117; Idaho Rev. Stats., sec. 4303, subd. 1; *Trowbridge v. Sickler,* 42 Wis. 417, and cases there cited; 2 Chitty's Pleading, 385; *Mathews v. Densmore,* 43 Mich. 461, 5 N. W. 669, and cases cited; *Wilcox v. Jamieson,* 20 Colo. 158, 36 Pac. 902.

We find nothing in these authorities that we think would warrant us in changing our views expressed in *Kerns v. McAulay.* The attachment law is severe enough in its terms in this state, and we think the affidavit should state in unequivocal language that the debt is due before the writ should issue. It certainly cannot be said that under the terms of the statute a writ of attachment can legally issue until the debt is due, and this being true, it was evidently the intention of the legislature that such fact should be shown by the affidavit.

Other errors are assigned, but as our views above expressed entirely dispose of the question of the sufficiency of the affidavit for attachment, we deem it unnecessary to pass upon them.

The order of the court appealed from is affirmed, with costs to respondents.

Sullivan, C. J., and Ailshie, J., concur.